UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHATMAN, CDCR #BD-5474, <br><br> Plaintiff, <br><br> vs. <br><br> JACK IN THE BOX, Oceanside; JACK IN THE BOX, Santa Ana; JACK IN THE BOX CORPORATION, <br><br> Defendants. | Case No.: 3:18-cv-01253-WQH-MDD <br><br> **ORDER** |

HAYES, Judge:

Eric Chatman, a prisoner incarcerated at Salinas Valley State Prison in Soledad, California, and proceeding pro se, has filed a Complaint alleging personal injury, premises liability, general negligence, and intentional tort claims against two Jack in the Box restaurants and the Jack in the Box Corporation. (ECF No. 1). Chatman appears to claim that he was shot after going through the drive-thru and while parked in his father's van at two separate Jack in the Box restaurants—one in Oceanside, and another in Santa Ana, sometime in 1991, and again in 2016–2017. *Id.* at 5–7. Chatman seeks more than $178 million in "lump sum" damages and ownership interests in Jack in the Box and other corporate entities. *Id.* at 5.

Chatman did not pay the civil filing fee required by 28 U.S.C. § 1914(a) at the time he submitted his Complaint; instead, he filed a Motion to Proceed *In Forma Pauperis* ("*IFP*") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), together with a Motion to Appoint Counsel (ECF No. 3).[1]

## I. Motion to Proceed *IFP*

### A. Standard of Review

"All persons, not just prisoners, may seek *IFP* status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face . . . additional hurdle[s]." *Id.* For examples, Plaintiffs granted permission to proceed *IFP* must "pay the full amount of a filing fee" in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b). *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016).

Additionally, a prisoner may not proceeding *IFP* if the prisoner

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.* "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews v. King*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such

---

[1] Chatman repeats most of the allegations in his Complaint in an ex parte letter to the judges assigned to this matter filed on July 6, 2018 (ECF No. 5). Because Chatman has violated S.D. Cal. Local Civil Rule 83.9, which provides that "attorneys or parties to any action must refrain from writing letters to the judge," he is cautioned that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Any additional ex parte letters that Chatman attempts to file in this matter may be summarily rejected under Local Rule 83.9.

dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

### B. Discussion

The Court has reviewed Chatman's Complaint and finds that is contains no "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Andrews*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as described above, Chatman claims that he was shot by unknown assailants after buying food at two fast food restaurants in 1991, and again in 2016–2017. *See* Compl. at 6–7. Chatman's allegations are insufficient to plausibly show ongoing or "imminent" danger of any serious physical injury.

While Defendants typically carry the burden to show that a prisoner is not entitled to proceed *IFP*, *Andrews v. King*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records. *See Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMC, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)). Courts also "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

This Court takes judicial notice that Chatman, identified as CDCR Inmate #BD-5474, has had four prior prisoner civil actions dismissed in this district alone on the grounds

that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

1) *Chatman v. Toyota of Escondido, et al.*, Civil Case No. 3:17-cv-01853-BAS-JLB (S.D. Cal. Nov. 8, 2017) (Order Granting Motion to Proceed IFP and Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to amend) (ECF No. 18) ("strike one");

2) *Chatman v. Cush Acura, et al.*, Civil Case No. 3:17-cv-01852-WQH-JLB (S.D. Cal. Nov. 21, 2017) (Order Granting Motion to Proceed IFP and Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to amend) (ECF No. 20) ("strike two");

3) *Chatman v. Super 8 Motel, et al.*, Civil Case No. 3:17-cv-02517-DMS-JMA (S.D. Cal. Feb. 15, 2018) (Order Denying Motion to Proceed IFP and Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to amend) (ECF No. 6) ("strike three"); and

4) *Chatman v. Super 8 Motel Co., et al.*, Civil Case No. 3:18-cv-00213-BAS-NLS (S.D. Cal. Feb. 20, 2018) (Order Granting Motion to Proceed IFP and Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to amend) (ECF No. 6) ("strike four").[2]

Because Chatman has accumulated more than three "strikes" pursuant to § 1915(g) and fails to allege that he faced imminent danger of serious physical injury at the time he

---

[2] Chatman has also been denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in several subsequent cases: *Chatman v. Cush Honda, et al.*, S.D. Cal. Civil Case No. 3:18-cv-00414-JLS-KSC (March 26, 2018 Order) (ECF No. 5); *Chatman v. Super 8 Motel Corp., et al.*, S.D. Cal. Civil Case No. 3:18-cv-00436-CAB-RBB (March 19, 2018 Order) (ECF No. 6); *Chatman v. Liquor Store, et al.*, S.D. Cal. Civil Case No. 3:18-cv-00563-GPC-JMA (May 14, 2018 Order) (ECF No. 8); *Chatman v. Ferrari Newport, et al.*, S.D. Cal. Civil Case No. 3:18-cv-00655-CAB-MDD (May 15, 2018 Order) (ECF No. 6); *Chatman v. Beverly Hills Lamborghini, et al.*, S.D. Cal. Civil Case No. 3:18-cv-00668-DMS-JMA (April 16, 2018 Order) (ECF No. 3); *Chatman v. Citibank Corp., et al.*, S.D. Cal. Civil Case No. 3:18-cv-00748-LAB-AGS (April 23, 2018 Order) (ECF No. 3); *Chatman v. Chatman*, S.D. Cal. Civil Case No. 3:18-cv-00835-CAB-PCL (June 4, 2018 Order) (ECF No. 5); and *Chatman v. Cush Acura, et al.*, S.D. Cal. Civil Case No. 3:18-cv-01235-WQH-MDD (July 20, 2018 Order) (ECF No. 8).

filed his Complaint, he is not entitled to proceed *IFP* in this action. *See Andrews*, 493 F.3d at 1055.

## II. Motion to Appoint Counsel

Chatman has also filed a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 3). However, a motion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) necessarily depends upon Chatman's ability to proceed *IFP*. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Even where a prisoner is eligible to proceed *IFP*, granting a prisoner's motion to appoint counsel is within "the sound discretion of the trial court" and should only be done "in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Because Chatman has failed to allege the presence of exceptional circumstances here, and is not entitled to proceed *IFP* in this case, he is also not entitled to the appointment of counsel under § 1915(e)(1).

## III. Conclusion

The Court:

1. DENIES the Motions to Proceed *IFP* (ECF No. 2) and Appoint Counsel (ECF No. 3);
2. DISMISSES this civil action without prejudice for failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);
3. CERTIFIES that an *IFP* appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and
4. DIRECTS the Clerk of Court to enter judgment and close the file.

Dated: August 21, 2018

*[signature]*
Hon. William Q. Hayes
United States District Court